UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Patrizia Pelgrift et al.,

               Plaintiffs,

     –v–

355 W. 51st Tavern Inc. et al.,

               Defendants.

14-CV-8934 (AJN)

MEMORANDUM AND
ORDER

ALISON J. NATHAN, District Judge:

      Plaintiffs Patrizia Pelgrift, Iryna Lutsenko, and Valeriya Kolisnyk have brought this suit

against Defendants 355 W. 51st Tavern Inc. and David Sheeran alleging wage-and-hour, sexual

harassment, and discrimination claims. Dkt. No. 1. After Defendant Sheeran failed to appear for

his deposition, Plaintiffs filed a motion to strike Defendants' answer pursuant to Federal Rule of

Civil Procedure 37. Dkt. No. 38. For the reasons articulated below, that motion is GRANTED.

## I.    BACKGROUND

      Plaintiffs filed this lawsuit on November 10, 2014. Dkt. No. 1. Pursuant to the Court's

April 3, 2015 Civil Case Management Plan and Scheduling Order, depositions were to be

completed by September 1, 2015, fact discovery was to close August 3, 2015, and expert

discovery was to close September 17, 2015. Dkt. No. 16 at 2. On August 21, 2015, Plaintiffs

informed the Court of numerous discovery-related issues. Dkt. No. 19. First, Plaintiffs indicated

that Defendants had not responded to Plaintiffs' interrogatories or requests for document

production in a timely fashion. *Id.* at 1. Furthermore, Plaintiffs indicated that Defendants had

ignored their attempts to schedule a deposition of Defendant Sheeran. *Id.* Plaintiffs also noted

that Defendants had not complied with the Court's August 6, 2015 order to meet and confer and

submit a joint letter. *See id.*; *see also* Dkt. No. 18. In light of this history, Plaintiffs requested

permission to move to strike Defendants' Answer. Dkt. No. 19 at 2.

At a conference before the Court on October 15, 2015, Plaintiffs reiterated their concerns

about Defendants' pattern of "non-responsive" behavior. Tr. 5:3. In response, Defendants

indicated that they did not possess any documents responsive to Plaintiffs' discovery requests,

did not seek to depose Plaintiffs, and would be willing to arrange for the deposition of Defendant

Sheeran. *Id*. at 5:18-6:1, 6:8-14. Ultimately, the Court concluded that it would not, at that time,

allow a motion to strike. *Id*. at 7:9-14. However, the Court ordered that Defendant Sheeran's

deposition be taken within 30 days. *Id*. at 8:2-4. At that time, the Court warned:

> "There will be repercussions either if the deposition doesn't get
> scheduled or if the deposition doesn't go forward after it's been
> scheduled. And I want to be very clear . . . just in light of the history
> of the case, there won't be allowances in this case. If it doesn't get
> scheduled or doesn't go forward, then I will allow a motion for
> discovery sanctions, including a motion to strike the answer."

*Id*. at 9:8-14.

On October 23, 2015, the parties informed the Court that Defendant Sheeran would be

deposed on November 11, 2015. Dkt. No. 30. On November 11, 2015, the day of the scheduled

deposition, defense counsel wrote requesting "an extension of time to complete the deposition of

the defendant" due to Defendant Sheeran's illness. Dkt. No. 35. The Court did not grant this

request and authorized Plaintiffs to file a motion to strike the answer. Dkt. No. 37. Plaintiffs

filed this motion on December 1, 2015. Dkt. No. 38.

## II.   DISCUSSION

Under Federal Rule of Civil Procedure 37, the Court may sanction a party who has

disregarded discovery orders or failed to attend a properly noticed deposition. *See* Fed. R. Civ.

P. 37(b)(2)(A), (d)(1)(A)(i).   Such sanctions may include:

> (i)    directing that the matters embraced in the order or other designated
>        facts be taken as established for purposes of the action, as the
>        prevailing party claims;
> (ii)   prohibiting the disobedient party from supporting or opposing
>        designated claims or defenses, or from introducing designated
>        matters in evidence;
> (iii)  striking pleadings in whole or in part;
> (iv)   staying further proceedings until the order is obeyed;
> (v)    dismissing the action or proceeding in whole or in part;
> (vi)   rendering a default judgment against the disobedient party; or
> (vii)  treating as contempt of court the failure to obey any order except
>        an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A), (d)(3).   The function of discovery sanctions is both "to penalize

those whose conduct may be deemed to warrant such a sanction" and "to deter those who might

be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro.*

*Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

Here, Plaintiffs request that the Court strike Defendants' Answer.   Striking an answer,

like dismissal or entry of default, "is a 'drastic remedy' generally to be used only when the

district judge has considered lesser alternatives." *S. New England Tel. Co. v. Glob. NAPs Inc.*,

624 F.3d 123, 144 (2d Cir. 2010); *see also Mateo v. Universal Language Corp.*, No. 13-CV-2495

(NGG), 2014 WL 4983697, at *3 (E.D.N.Y. Oct. 6, 2014).   Furthermore, this particular remedy

is only appropriate if "failure to comply with discovery orders was due to 'willfulness, bad faith,

or any fault' of the party sanctioned." *S. New England Tel. Co.*, 624 F.3d at 144 (quoting

Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986)).   Before imposing such a sanction, the

court must consider several factors including "whether the non-complaint party had been warned

of the consequences of noncompliance," the duration, willfulness, and reason for noncompliance, and "the efficacy of lesser sanctions." *Id.* (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)).  The Court considers these factors below.

### A.    Warning of Consequences of Noncompliance

Plaintiffs first requested permission to file a motion to strike Defendants' answer on August 21, 2015, citing Defendants' failure to timely respond to interrogatories, produce any responsive documents, or answer their attempts to depose Defendant Sheeran. Dkt. No. 19.  The Court initially declined to permit such a filing, and instead extended the discovery deadline.  Tr. 7:9-14.  In so doing, the Court ordered that Defendant Sheeran be deposed within 30 days of the October 15, 2015 conference.  *Id*. at 8:2-4.  At this point, the Court clearly indicated to Defendants that "there will be repercussions . . . if the deposition doesn't go forward." *Id*. at 9:8-9.  The Court further warned: "I want to be very clear . . .  in light of the history of the case, there won't be allowances in this case.  If it . . .  doesn't go forward, then I will allow a motion for discovery sanctions, including a motion to strike the answer." *Id*. at 9:10-14.  This warning put Defendants on clear notice of the possibility of striking their answer if Defendant Sheeran failed to attend his deposition.  *See Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 766 (2d Cir. 1990) (dismissal under Rule 37 was appropriate where defendant failed to appear for a deposition after the Court warned it would "entertain a motion to dismiss [her] case" if she failed to appear).

### B.    Duration and Willfulness of Noncompliance

Defendants' noncompliance with their discovery obligations began in approximately May 2015 and lasted through November 2015, a period of about six months.  *See* Dkt. No. 19 at 1; Dkt.  No. 25; Dkt. No. 36 at 2.  During this time, Defendants were largely nonresponsive to

4

Plaintiffs' interrogatories, document requests, and attempts to schedule a deposition of Defendant Sheeran; failed to comply with a court order to submit a joint letter before a status conference; and failed to appear for a properly noticed Deposition. *See* Dkt. Nos. 18. 19, 25, 35, 36.

Defendants provide no explanation for their repeated failures to respond to Plaintiffs' discovery requests in a timely fashion, nor do they explain their failure to submit the Court-ordered joint letter. However, Defendants argue that Defendant Sheeran failed to appear for his deposition because he was ill. Dkt. No. 35; Dkt. No. 43 ¶ 8. When Defendants first reported this to the Court, they provided no documentation of Defendant Sheeran's illness. Dkt. No. 35. In both their November 12, 2015 letter to the Court and December 1, 2015 motion for sanctions, Plaintiffs noted this absence of documentation. Dkt. No. 36 at 3; Br. at 6. Despite Plaintiffs having raised the issue multiple times, Defendants failed to provide any documentation of Defendant Sheeran's illness in its opposition to this motion. In fact, Defendants have not even provided a sworn affidavit from Defendant Sheeran attesting that he was ill. In the absence of any evidence to the contrary, the Court finds that Defendant Sheeran's failure to attend his deposition was willful, a fact weighing in favor of the requested sanction. *See Shiu v. New Peking Taste, Inc.*, 11-CV-1175 (NGG), 2013 U.S. Dist. LEXIS 185347, *9 (E.D.N.Y. Oct. 24, 2013) ("While counsel sought to justify [Defendant's] absence by claiming that [Defendant] was in poor health, no documentation or other evidence of [Defendant's] illness was presented to the Court.").

### C.      **Efficacy of Lesser Sanctions**

The Court finds that the nature of Defendants' defense of this action renders any lesser sanction inadequate here. Since the outset of the case, Defendants have participated minimally

in the proceedings.  Not only have Defendants indicated that they possess no information

responsive to Plaintiffs' discovery requests, but they also made clear that they had no intention of

deposing Plaintiffs or other witnesses.  Tr. 5:18-20, 6:8-14.  Most recently, Defendants indicated

in the parties' joint pretrial report that they would not be calling any witnesses, presenting any

evidence, or objecting to any of Plaintiffs' evidence.  Dkt. No. 47.  Because Defendants will not

be putting on a case to defend themselves against Plaintiffs' allegations, there is no less severe

discovery sanction that the Court can impose to meaningfully respond to Defendant Sheeran's

willful failure to attend a court-ordered deposition.

In addition, Defendants will be obligated to pay a financial penalty.  *See J.M.*

*Cleminshaw Co. v. City of Norwich*, 93 F.R.D. 338, 349 (D. Conn. 1981) (Cabranes, J.) (quoting

*Cine Forty–Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d

Cir. 1979)) ("The award of fees and expenses is the 'mildest' of the sanctions authorized by Rule

37.").  Pursuant to Rule 37, when a party fails to appear for a deposition, "the court *must* require

the party failing to act, the attorney advising that party, or both to pay the reasonable expenses,

including attorney's fees, caused by the failure, unless the failure was substantially justified or

other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d)(3) (emphasis

added).  As noted above, Defendant Sheeran's justification for his non-appearance at the

deposition was his illness, but "no documentation or other evidence of [his] illness was presented

to the Court."  *Shiu*, 2013 U.S. Dist. LEXIS 185347, *9.  As a result, the Court finds that his

failure to appear was not justified, nor do any other circumstances make payment of reasonable

expenses unjust.  Thus, Defendant Sheeran and defense counsel shall split the cost to "pay the

reasonable expenses, including attorney's fees, caused by [Defendant Sheeran's] failure" to

attend his deposition.  Fed. R. Civ. P. 37(d)(3).

\*\*\*

Discovery sanctions that effectively terminate the case are a "drastic penalty which should be imposed only in extreme circumstances." *Salahuddin*, 782 F.2d at 1132. Here, Defendant Sheeran's willful failure to attend his deposition follows a pattern of Defendants failing to respond to Plaintiffs' discovery requests and court orders. Because Defendants have indicated that they will not introduce any evidence at trial, there is no sanction short of striking their answer that will both "penalize [their] conduct" and "deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League*, 427 U.S. at 643. These "extreme circumstances" justify striking Defendants' answer in this context. *Salahuddin*, 782 F.2d 1132.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs' motion to strike Defendants' Answer is GRANTED. As a result, Defendants are in default. *See Oscar De La Renta Ltd. v. Strelitz Ltd.*, No. 92-CV-3907 (CES), 1993 WL 267341, at \*1 (S.D.N.Y. July 12, 1993). The Court will set a schedule for Plaintiffs to file for default judgment by separate order. The final pretrial conference currently scheduled for March 4, 2016 and the trial currently scheduled to commence March 14, 2016 are adjourned *sine die*.

This resolves Dkt. Nos. 35, 36, 38.

SO ORDERED.

Dated: February ___, 2016
New York, New York

_____
ALISON J. NATHAN
United States District Judge

7