UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PATRIZIA PELGRIFT, IRYNA LUTSENKO and
VALERIYA KOLISNYK,                                                                    Index No.: 14-CV-8934
                                                                                                              (AJN) (KNF)

                                Plaintiff,

    -against-

355 W. 41ST TAVERN, INC. and DAVID SHEERAN,
Individually,

                                Defendant(s),
------------------------------------------------------------------------X


## DEFENDANT'S OBJECTION TO THE REPORT AND RECOMMENDATION, DATED JULY 3, 2018


                                */s/ William K. Joseph*
                                By: William K. Joseph, Esq. (WJ7900)
                                Marcote & Associates, P.C.
                                108 New South Road
                                Hicksville, New York 11801
                                File No.: MA15-0300
                                Tel: (516) 280-2281
                                Fax: (516) 280-2283
                                E-Mail Address: wjoseph@marcotelaw.com

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... i

PRELIMINARY STATEMENT ............................................................................. 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ... ............................ 2

STANDARD OF REVIEW ..................................................................................... 2

ARGUMENT ........................................................................................................... 2

POINT I

    **PLAINTIFF DID NOT ADEQUATELY ESTABLISH PROOF OF IT'S GARDEN VARIETY EMOTIONAL DISTRESS CLAIM TO JUSTIFY THE AWARD  RECOMMENDED** ................................ 2

        A.    PLAINTIFF PELGRIFT .................................................................. 3

        B.    PLAINTIFF'S KOLISNYK AND LUTSENKO ............................ 4

        C.    PUNITIVE DAMAGES .................................................................. 6

CONCLUSION ........................................................................................ 7

# TABLE OF AUTHORITIES

**CASE LAW**

Au Bon Pain Corp, v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981) ........................... 3

Caravantes v. 53rd St. Partners, LLC, 2012 U.S. Dist. LEXIS 120182,
115 Fair Empl. Prac. Cas. (BNA) 1637, 2012 WL 3631276...................................... 6

Cosmos Forms. Ltd. v. State Div. of Human Rights, 150 A.D.2d 442, 442,
541 N.Y.S.2d 50, 21 (2d Dept 1989).......................................................... 4, 5

Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) ... 3

Farias v. Instructional Systems, Inc. 259 F.3d 91, 101 (2d Cir. 2001) ...................... 6

Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2$^d$ Cir. 1992),
cert denied, 506 U.S. 1080 (1993) ................................................................. 2

Manson v. Friedberg, 2010 U.S. Dist. LEXIS 145499, 2013 WL 2896971
(S.D.N.Y. June 13, 2013) ................................................................................ 6

Port Washington Police Department v. State Division of Human Rights,
221 A.D.2d 639, 634 N.Y.S.2d 195 (2nd Dept. 1995) ................................................. 4, 5

Press v. Concord Mortg. Corp., No. 08 Civ. 9497 (PKC)(GWG) 2009 U.S. Dist.
LEXIS 129474, 2009 WL 6758998 (S.D.N.Y. Dec. 7, 2009) (Report and
Recommendation adopted by Press v. Concord Mortg. Corp., No. 08 Civ. 9497
(PKC)(GWG), 2010 U.S. Dist. LEXIS 81952, 2009 WL 3199684
(S.D.N.Y. Aug. 11, 2010) ................................................................................ 4, 5

Rodriguez v.Express World Wide, LLC, No. 12-CV-4572 ((RJD)(RML),
2014 WL 1347369 (E.D.N.Y. 2014) ................................................................. 6

**FEDERAL RULES OF CIVIL PROCEDURE**

Federal Rules of Civil Procedure Rule 72(b) ............................................................. 2

**STATUTES/CODES**

29 U.S.C. §201, et seq. (Fair Labor Standards Act or FLSA) ..................................... 1


42 U.S.C. § § 2000e to 2000e-17 (Title VII) ................................................................... 1

New York City Administrative Code § 8-107 (NYCHRL)............................................ 1

N.Y. Lab. Law Article 6 ................................................................................................. 1

N.Y. Lab. Law Article 19............................................................................................... 1

**PRELIMINARY STATEMENT**

On or about November 28, 2017, the Plaintiff's filed their Application for Damages, Pre-Judgement Interest, Attorney's Fees and Costs seeking damages for defendant's purported violations for: (a) failure to pay minimum wages to Plaintiffs Pelgrift and Kolisnyk under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and New York Labor Law ("NYLL"), Articles 6 and 19; (b) failure to pay overtime wages to Plaintiff Pelgrift under the FLSA and NYLL; (c) breach of contract with Plaintiff Pelgrift; (d) for sexual harassment and gender discrimination of all Plaintiffs under Title VII (corporate Defendant only); (e) for sexual harassment and gender discrimination of all Plaintiffs under the NYCHRL; and (f) for defamation of Plaintiff Pelgrift. The Defendants filed their Memorandum of Law in Opposition to said Application on or about December 22, 2017 (Docket Entry 91). Magistrate Judge Kevin Nathaniel Fox issued his Report and Recommendation in the matter on July 3, 2018 (Docket Entry No. 92), wherein he recommended that no damages be awarded with respect to Plaintiff's claims for the Plaintiff's FLSA claims, NYLL claims, defamation claims, breach of contract claims, along with attorneys fees and costs. Judge Fox did recommend that the Plaintiff Pelgrift be awarded "$10,000 in damages for emotional distress; and (b) $10,000 in punitive damages, based on the defendants' reckless indifference and conscious disregard of Pelgrift's rights", and that Plaintiff's Kolisnyk and Lutsenko be awarded "$20,000 in damages for emotional distress; and (b) $20,000 in punitive damages, based on the defendants' reckless indifference and conscious disregard of [Plaintiff's] rights". The Defendant's file this "Objection" only in respect to that portion of the 'Report and Recommendation' awarding Plaintiff's damages.

## STATEMENT OF FACTS

Familiarity with the facts is presumed. On or about September 28, 2017, Judge Nathan found that the Plaintiff's claim of damages were insufficient "to establish the amount of damages with reasonable certainty" (Docket Entry No. 79) Judge Nathan referred the matter for an inquest into damages to Magistrate Judge Kevin Nathaniel Fox (Docket Entry No. 80). Judge Fox issued an Order dated November 1, 2017 reminding the Plaintiffs "that their evidentiary submissions in support of their claims must supplement those provided previously to Judge Nathan in connection with this matter. (Docket Entry No. 81).

## STANDARD OF REVIEW

In evaluating a magistrate judge's report and recommendation with respect to a matter that is dispositive of a claim or defense of a party, the district court shall review the recommendation *de novo*, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and the Federal Magistrates Act, 28 U.S.C. 636(b)(1). The district court's review may be based on the entire record. Fed. R. Civ. P. 72(b). Further, the district court "may accept, reject, or modify the recommended disposition; receive further evidence, or return the matter to the magistrate with instructions." Fed. R. Civ. P. 72(b)(3).

## ARGUMENT I

## PLAINTIFF DID NOT ADEQUATELY ESTABLISH PROOF OF IT'S GARDEN VARIETY EMOTIONAL DISTRESS CLAIM TO JUSTIFY THE AWARD RECOMMENDED

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages". Greyhound Exhibitgroup, Inc. v. E.L.U.L.

Realty Corp., 973 F.2d 155, 158 (2ᵈ Cir. 1992), cert denied, 506 U.S. 1080 (1993).  Thus for the purposes of an inquest, the court accepts as true all factual allegations in the complaint, except those relating to damages.  See, Au Bon Pain Corp, v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).  Establishing the appropriate amount of damages involves two steps: (1) "determining the proper rule for calculating damages on ... a claim"; and (2) "assessing plaintiff's evidence supporting the damages to be determined under this rule." Id.

The Defendant's do not object to the finding that the alleged emotional distress claims advanced by the Plaintiff's are those of the "garden variety" type of claim, however, the Defendant's object to the amount of damages awarded and based on the limited evidence advanced by Plaintiff's, believe that the proper assessment of the damages for emotional distress and punitive damages, would be in the $5,000.00 to $10,000.00 range.

### A.     PLAINTIFF PELGRIFT

With respect to Plaintiff Pelgrift, Judge Fox found that "she does not identify the nature and extent of her particular emotional injuries, apart from making the conclusory assertion that she 'felt offended, disturbed and humiliated by the blatantly unlawful discrimination,' identical to those made by Kolisnyk and Lutsenko in their affidavits."   The Court noted that her "conclusory assertions of her emotional injuries in her affidavit, without more, warrant an award of: (a) $10,000 in damages for emotional distress; and (b) $10,000 in punitive damages, based on the defendants' reckless indifference and conscious disregard of Pelgrift's rights".

3

Similar courts have found that an award of $5,000.00 is appropriate, "in light of the absence of any evidence and concrete examples of mental anguish and/or emotional injuries", Press v. Concord Mortg. Corp., No. 08 Civ. 9497 (PKC)(GWG) 2009 U.S. Dist. LEXIS 129474, 2009 WL 6758998 (S.D.N.Y. Dec. 7, 2009) (Report and Recommendation adopted by Press v. Concord Mortg. Corp., No. 08 Civ. 9497 (PKC)(GWG), 2010 U.S. Dist. LEXIS 81952, 2009 WL 3199684 (S.D.N.Y. Aug. 11, 2010) (modified in other respects); *see also*, Port Washington Police Department v. State Division of Human Rights, 221 A.D.2d 639, 634 N.Y.S.2d 195 (2nd Dept. 1995) (remitting to the Commissioner to reduce the award for compensatory damages from $200,000 to no more than $5,000 because plaintiff's discussion of her mental anguish was brief and there was no evidence of the duration of her condition, its severity or consequences); Cosmos Forms. Ltd. v. State Div. of Human Rights, 150 A.D.2d 442, 442, 541 N.Y.S.2d 50, 21 (2d Dept 1989) (reducing $35,000 award to $5,000, "notwithstanding the constant and blatant nature of the racial discrimination against" the plaintiff, "where the sole evidence of mental anguish was the complainant's own testimony that she was '[e]motionally and physically screwed up'").

### B. PLAINTIFF'S KOLISNYK AND LUTSENKO

With respect to Plaintiff Kolisnyk, Judge Fox found that, "apart from generalized assertions, no evidence corroborates Kolisnyk's contentions that she 'was having issues sleeping, having feelings of anxiety, and my self-esteem had declined". Despite the "lack of details and corroboration", the Court "finds that awarding Kolisnyk: (a) $20,000 in damages, for emotional distress; and (b) $20,000 in punitive damages, based on the defendants' reckless indifference and conscious disregard of Kolisnyk's rights".

4

Similarly, with respect to Plaintiff Lutsenko, Judge Fox found that, "Lutsenko does not mention in her affidavit that she was evaluated by Dr. Stephen Reich or that she has been or is being treated for the symptoms she asserts she had suffered as a result of the defendants' conduct." Further, Judge Fox found that she "does not explain the nature and extent of her 'problems with male authorities at work' and she does not provide any examples of those problems." Despite the "conclusory allegations" and lack of details and corroboration", the Court "finds that awarding Kolisnyk: (a) $20,000 in damages, for emotional distress; and (b) $20,000 in punitive damages, based on the defendants' reckless indifference and conscious disregard of Lutsenko's rights".

Similar courts have found that an award of $5,000.00 - $10,000.00 is appropriate, "in light of the absence of any evidence and concrete examples of mental anguish and/or emotional injuries", Press v. Concord Mortg. Corp., No. 08 Civ. 9497 (PKC)(GWG) 2009 U.S. Dist. LEXIS 129474, 2009 WL 6758998 (S.D.N.Y. Dec. 7, 2009) (Report and Recommendation adopted by Press v. Concord Mortg. Corp., No. 08 Civ. 9497 (PKC)(GWG), 2010 U.S. Dist. LEXIS 81952, 2009 WL 3199684 (S.D.N.Y. Aug. 11, 2010) (modified in other respects); *see also*, Port Washington Police Department v. State Division of Human Rights, 221 A.D.2d 639, 634 N.Y.S.2d 195 (2nd Dept. 1995) (remitting to the Commissioner to reduce the award for compensatory damages from $200,000 to no more than $5,000 because plaintiff's discussion of her mental anguish was brief and there was no evidence of the duration of her condition, its severity or consequences); Cosmos Forms. Ltd. v. State Div. of Human Rights, 150 A.D.2d 442, 442, 541 N.Y.S.2d 50, 21 (2d Dept 1989) (reducing $35,000 award to $5,000, "notwithstanding the constant and blatant nature of the racial discrimination against" the plaintiff, "where the sole evidence of mental anguish was the complainant's own testimony that she was '[e]motionally and physically screwed up"). *See also,*

5

Rodriguez v. Express World Wide, LLC, No. 12-CV-4572 ((RJD)(RML), 2014 WL 1347369, (E.D.N.Y. Jan. 16, 2014) ("Plaintiff's allegations of emotional distress are significant, but are stated as conclusions drawn by plaintiff herself, and do not address the duration of her emotional distress. Based on plaintiff's submissions and testimony, the unquestionable severity and intensity of the sexually harassing behavior" (which included allegations of touching), "the brief duration of her employment, and the applicable case law, I find an award of $10,000 is reasonable to compensate plaintiff for her emotional distress claim". Report and recommendation adopted, No. 12 Civ. 4572 (RJD)(RML), 2014 WL 1350350 (E.D.N.Y. Mar. 31, 2014), Manson v. Friedberg, 2010 U.S. Dist. LEXIS 145499, 2013 WL 2896971, (S.D.N.Y. June 13, 2013) (awarding $10,000.00 for emotional distress for plaintiff's vague and conclusory testimony that she "had low self-esteem, felt 'unworthy' and 'was having a difficult time feeling trust").

### C. PUNITIVE DAMAGES

Finally, based on the above arguments regarding the conclusory allegations contained in the Plaintiff's Affidavits, the Defendant's dispute the finding that "intentionally acted with the knowledge that it may be acting 'in violation of the law', even if did not know it was engaging in discrimination.'" Farias v. Instructional Systems, Inc. 259 F.3d 91, 101 (2d Cir. 2001). Accordingly, the recommendation of damages on that portion of Plaintiff's claims should be denied in it's entirety. Alternatively, as punitive damages should be limited to the amount necessary to deter future behavior while not being so high as to result in the future ruin of the defendant, should be set an amount between $5,000.00 - $10,000.00 based on the arguments above. *See*, Caravantes v. 53rd St. Partners, LLC, 2012 U.S. Dist. LEXIS 120182, 115 Fair Empl. Prac. Cas. (BNA) 1637, 2012 WL 3631276.

**CONCLUSION**

Based on the foregoing case law, the defendants respectfully request that the Court issue an Order modifying the damages awarded for the Title VII and NYCHRL claims based on emotional distress and punitive damages, and affirming the remainder of the report and recommendation.

Dated: July 17, 2018
      Hicksville, New York

                      MARCOTE & ASSOCIATES, P.C.

                      */s/ William K. Joseph*
                      By: William K. Joseph, Esq. (WJ7900)
                      Attorneys for   DEFENDANTS
                      108 New South Road
                      Hicksville, New York 11801
                      File No.: MA15-0300
                      Tel: (516) 280-2281
                      Fax: (516) 280-2283
                      E-Mail Address: wjoseph@marcotelaw.com

## CERTIFICATE OF SERVICE

    I, WILLIAM K. JOSEPH, do hereby certify under the penalties of perjury as follows:

    I am an member of the law firm of MARCOTE & ASSOCIATES, P.C., attorney(s) for the within named defendants, 355 W. 41ST TAVERN, INC. And DAVID SHEERAN, that on the 17th day of July, 2018, I served the within 'Defendant's Objections to the Report and Recommendation dated July 3, 2018' **via ECF** and by depositing a true copy of the same securely enclosed in a post-paid wrapper in a Post Office Box regularly maintained by the United States Government in said County of Nassau directed to said attorney(s) at:

**PHILLIPS & ASSOCIATES, ATTORNEYS AT LAW, PLLC**
Attorney(s) for Plaintiff(s):
PATRIZIA PELGRIFT, IRYNA LUTSENKO and VALERIYA KOLISNYK
45 Broadway, Suite 620
New York, New York 10006
(212) 248-7431

being the address within the State designated by them for that purpose upon the proceeding papers in this action, or the place where they then kept an office, between which places there then was and now is a regular communication by mail. Furthermore, as stated above I personally delivered a copy of this motion and all supporting papers to the office listed above.

                                              */s/ William K. Joseph*
                                              William K. Joseph, Esq. (WJ7900)

# UNITED STATES DISTRICT COURT
for the
# SOUTHERN DISTRICT OF NEW YORK

**INDEX NUMBER: 14-CV-8934**

**PATRIZIA PELGRIFT, IRYNA LUTSENKO and VALERIYA KOLISNYK**

-against-

**355 W. 41ST TAVERN, INC. and DAVID SHEERAN, Individually**

# DEFENDANT'S OBJECTION TO THE REPORT AND RECOMMENDATION, DATED JULY 3, 2018

# MARCOTE ASSOCIATES, P.C.
*Attorney and Counselors at Law*
Attorneys for Defendants:
355 W. 41st Tavern, Inc. And David Sheeran
108 NEW SOUTH ROAD
HICKSVILLE, NEW YORK 11801
PHONE:(516) 280-2281
FAX:   (516) 280-2283