UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 3 0 2018

Patrizia Pelgrift, *et al.*,

    Plaintiffs,

–v–

355 W. 41st Tavern, Inc., *et al.*,

    Defendants.

14-CV-8934 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, United States District Judge:

On September 28, 2017, the Court granted in part Plaintiffs' motion for the entry of default judgment, entering judgment as to Defendants' liability on certain causes of action, but referring the matter to the Honorable Nathaniel J. Fox for an inquest into damages. Dkt. No. 79. On July 3, 2018, Judge Fox issued his Report and Recommendation ("R&R") to this Court. Now before the Court are the parties' objections to the R&R. For the reasons that follow, the Court OVERRULES Defendants' objections, OVERRULES in part and GRANTS in part Plaintiffs' objections, and ADOPTS in part the R&R.

I. **Background**

The parties' familiarity with the factual and procedural history is assumed. For more details, the Court refers the reader to its liability opinion and to Judge Fox's R&R.

In brief, Plaintiffs Patrizia Pelgrift, Valeriya Kolisnyk, and Iryna Lutsenko were employed by Defendants in their bars, Tobacco Road and Dave's Tavern. They filed this lawsuit under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL") for various labor violations, and under Title VII of the Civil Rights Act of 1964 and the New York

1

City Human Rights Law ("NYCHRL") for sexual harassment, gender discrimination, and wrongful termination. On September 28, 2017, the Court found Defendants liable for:

> (1) failure to pay minimum wages to Plaintiffs Pelgrift and Kolisnyk under the FLSA and NYLL; (2) failure to pay overtime wages to Plaintiff Pelgrift under the FLSA and NYLL; (3) breach of their contract with Plaintiff Pelgrift; (4) for sexual harassment and gender discrimination of all Plaintiffs under Title VII (corporate Defendants only); (5) for sexual harassment and gender discrimination of all Plaintiffs under the NYCHRL; and (6) for defamation of Plaintiff Pelgrift.

*Pelgrift v. 335 W. 41st Tavern Inc.*, No. 14-CV-8934 (AJN), 2017 WL 4712482, at *15 (S.D.N.Y. Sept. 28, 2017) [hereafter, "Liability Op."]. However, the Court found that Plaintiffs failed to carry their burden of establishing the damages amount with "reasonable certainty," as required during default judgment proceedings. *Id.* After noting some of the deficiencies in the Plaintiffs' submissions, the Court ultimately concluded that "[s]upplemental evidence and a formal inquest" were needed, and referred the matter to Magistrate Judge Fox for an inquest. *Id.*

Plaintiffs submitted additional materials on November 27, 2017, Defendants filed their opposition on December 22, 2017, and Judge Fox issued his R&R to this Court on July 3, 2018. *See* Dkt. Nos. 83, 86, 91, & 92. Both Plaintiffs and Defendants filed timely objections to the R&R. *See* Dkt. Nos. 93–95.

## II. Summary of the R&R

After summarizing the evidence submitted by Plaintiffs through their counsel, Marjorie Mesidor, the arguments made by the parties, and the relevant legal standards, Judge Fox begins his analysis by considering whether the evidence Plaintiffs submitted is admissible under the Federal Rules of Evidence. Judge Fox concludes that Ms. Mesidor's affidavit does not satisfy "the identification and authentication requirements" of the Rules, failing to produce sufficient evidence to find "that the exhibits attached to her declaration are what they purport to be." R&R,

2

Dkt. No. 92, at 19. Judge Fox continues on by highlighting the inconsistencies both within Ms. Mesidor's affidavit and between it and the Plaintiffs' memorandum of law, including with respect to the amount of damages Plaintiffs' request. *Id.* at 20. He also notes inconsistencies within the memorandum of law. *Id.* at 20–23. And he points out apparent errors throughout—like the fact that Plaintiff Pelgrift requests damages based on spread-of-hour wage violations under the NYLL despite the fact that the Court found that the Defendants were not liable on that claim. *Compare* Liability Op. at *9 *with* Dkt. No. 83 at 11–12.

Judge Fox then delves into further detail regarding each Plaintiff's claimed damages. After exploring the inconsistencies in Ms. Pelgrift's representations, R&R at 26–29, Judge Fox concludes that "Pelgrift failed to establish with reasonable certainty her unpaid minimum wages and overtime compensation damages." *Id.* at 29. Similarly, after summarizing Pelgrift's inconsistent statements about the bar's earnings, Judge Fox concluded that "Pelgrift failed to establish damages for breach of contract with reasonable certainty." *Id.* at 29–30. Having "failed to submit *any* evidence establishing damages as a result of her defamation cause of action," the Court finds that Pelgrift failed on that claim as well. *Id.* at 30 (emphasis added). And finally, with respect to Ms. Pelgrift's sexual harassment and gender discrimination claims, the R&R finds that Pelgrift "provided no admissible evidence in support of her emotional distress and mental health injuries" other than "conclusory assertions," but finds that these assertions still "warrant an award of: (a) $10,000 in damages for emotional distress; and (b) $10,000 in punitive damages, based on the defendants' reckless indifference and conscious disregard of Pelgrift's rights." *Id.* at 30–32.

With respect to Ms. Kolisnyk, Judge Fox noted similar problems, concluding that her affidavit is "ambiguous, inconsistent and vague." *Id.* at 34. Accordingly, he concluded that

3

Kolisnyk failed to establish her unpaid minimum damages under the FLSA or NYLL. *Id.* at 34–35. Again, as with Ms. Pelgrift, Judge Fox deemed Kolisnyk's evidence of emotional distress mere "generalized assertions," with no specifics concerning her sleep or self-esteem issues. Nonetheless, based on her affidavit, and in light of the sexual harassment she experienced, which included physical contact, Judge Fox recommends awarding Kolisnyk: "(a) $20,000 in damages, for emotional distress; and (b) $20,000 in punitive damages." *Id.* at 36–37.

Finally, having drawn largely the same conclusions about the deficiencies in Ms. Lutsenko's submissions, Judge Fox recommends the same award as he did for Kolisnyk: $20,000 in damages for emotional distress stemming from her experience of sexual harassment, which included physical contact, and $20,000 in punitive damages. *Id.* at 38–39.

Turning to Plaintiffs' application for attorneys' fees and costs, Judge Fox concludes that "the numerous examples of deficiencies and inconsistencies in the plaintiffs' submissions identified above demonstrate that their counsel failed to exhibit the minimal level of skill necessary to establish the plaintiffs' damages with reasonable certainty." *Id.* at 40. Accordingly, Judge Fox determined that "the plaintiffs failed to establish that the requested hourly rates for the legal services rendered to them are reasonable," and that, given the absence of contemporaneous time records, "no basis exists to determine whether the unidentified number of hours is reasonable." *Id.* at 40–41. With respect to costs, Judge Fox concluded that the lack of explanation of Exhibit 30, which purports to be an itemization of costs, left him without basis to determine whether the costs requested are reasonable. *Id.* at 41.

### III. Summary of Objections

Both parties filed objections. Defendants' objections are easy to summarize. In sum and substance, Defendants' argue that the "garden variety" emotional distress claims only merit

between $5,000 and $10,000 per claim. *See* Dkt. No. 93 at 3-6. Additionally, Defendants argue that no punitive damages should be awarded, disputing the finding that Defendants' knew they were acting in violation of the law. *Id.* at 6.

Plaintiffs essentially object to the entirety of Judge Fox's R&R. Although initially apologizing to the Court for "the mathematical mistake made in the request [for relief]" and for the "inadvertent inclusion of the spread of hours calculations," Dkt. No. 94 at 1 n.1, the Plaintiffs continue on to request that this Court accept their exhibits as submitted, *id.* at 5, and that the Court exercise its discretion in reviewing their amended damage calculations under the FLSA and NYLL. *Id.* at 9–10. They further object to Judge Fox's determination that back and front pay are not warranted, *id.* at 17–18 and that they failed to support their emotional distress and punitive damages calculations, *id.* at 18–20. Finally, they object to Judge Fox's determination that Plaintiffs' counsel is not entitled to attorneys' fees or costs, submitting a revised fees petition attempting to address his concerns. *Id.* at 20–23.

## IV. Standard of Review

When reviewing a magistrate judge's report and recommendation, "a district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Gomez v. City of New York*, No. 13-CV-1822 (VSB), 2016 WL 3093982, at *2 (S.D.N.Y. May 31, 2016) (quoting 28 U.S.C. § 636(b)(1)). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The federal rules give the opposing party the same amount of time to respond. *Id.* "The district [court] must engage in *de novo* review of any part of the report and recommendation 'that has

5

been properly objected to.'" *Wilson v. City of New York*, No. 15-CV 7368 (AJN), 2017 WL 2693599, at *2 (S.D.N.Y. June 19, 2017) (quoting Fed. R. Civ. P. 72(b)(3)).

V. **Analysis**

Because *de novo* review is appropriate, the Court begins by outlining the standards governing this damages inquest. It then addresses Judge Fox's concerns regarding the evidence submitted in support of Plaintiffs' damages request, and finally addresses Plaintiffs' objections with respect to FLSA/the NYLL; Plaintiffs' objections to the R&R's denial of front and back pay; both parties' objections to the R&R's determinations on emotional distress and punitive damages; and Plaintiffs' objections to the R&R's determination on attorneys' fees and costs. The Court grants in part Plaintiffs' objections as to Judge Fox's determinations on emotional distress, attorneys' fees, and costs. It rejects the parties' remaining objections and adopts the balance of the R&R's conclusions in full.

A. **Standards Applicable to a Damages Inquest**

At an inquest, the court "accept[s] as true all of the factual allegations of the complaint, except those relating to damages." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 55 (2d Cir. 1999). This inquiry requires (1) "determining the proper rule for calculating damages on . . . a claim" and (2) "assessing plaintiff's evidence supporting damages to be determined under this rule." *Id.*

"While the plaintiff bears the burden of establishing the damages amount with 'reasonable certainty,' in a FLSA case, in the absence of rebuttal by defendants, plaintiff's recollection and estimates are presumed to be correct." Liability Op. at *14 (S.D.N.Y. Sept. 28,

6

2017) (citing *Anderson*, 328 U.S. at 687–88). "In the case of a default judgment, the defaulting defendant deprives the plaintiff of the necessary employee records required by the FLSA, thus hampering the plaintiff[']s ability to prove his damages." *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14-CV-10234 (JGK)(JLC), 2016 WL 4704917, at *5 (S.D.N.Y. Sept. 8, 2016) (internal quotation marks omitted), *adopted sub nom. Xochimitl v. Pita Grill of Hell's Kitchen, Inc*, No. 14-CV-10234 (JGK), 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016). Consequently, courts allow that "a plaintiff may meet his [or her] burden of proof by relying on recollection alone to establish that he [or she] performed work for which he [or she] was improperly compensated." *Id.*

Although courts instruct that employees should not "speculate" in order to carry this burden, they permit employees to rely on "present memory and recollection" through affidavits that "set[ ] forth the number of hours worked and pay received." *Id.* at *5; *see also Angamarca v. Pita Grill 7 Inc.*, No. 11-CV-7777 (JGK) (JLC), 2012 WL 3578781, at *3 (S.D.N.Y. Aug. 2, 2012), *adopted by* Order, dated Dec. 14, 2012 (Dkt. No. 39). In the absence of a rebuttal by the defendant, an employee's recollection and estimates of hours worked set forth in this manner "are presumed to be correct." *Kernes*, 2016 WL 880199, at *6.

### B. Plaintiffs Have Not Established Damages for Their Wage-and-Hour and Front and Back Pay Claims With Reasonable Certainty.

Judge Fox concluded that Plaintiffs' exhibits, except their own affidavits, flunked the "identification and authentication requirements" of the Federal Rules of Evidence. The magistrate judge noted that Plaintiffs' counsel failed to state that her declaration was based on personal knowledge. She did little to identify the exhibits attached to her declaration, merely providing cursory titles without explaining the contents of each exhibit submission, failing to

7

attest to her personal knowledge of the same, and neglecting to identify affiants or declarants who purportedly authored various submissions. R&R at 23–26.

"To satisfy the requirement of authenticating …an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Although "[t]he bar for authentication of evidence is not particularly high," *United States v. Gagliardi*, 506 F.3d 140, 151 (2d Cir. 2007), there must be "sufficient proof . . . so that a reasonable juror could find in favor of authenticity or identification. *United States v. Pluta*, 176 F.3d 43, 49 (2d Cir. 1999). Further, "the type and quantum of evidence required is related to the purpose for which the evidence is offered, and depends upon a context-specific determination whether the proof advanced is sufficient to support a finding that the item in question is what its proponent claims it to be." *United States v. Vayner*, 769 F.3d 125, 130 (2d Cir. 2014) (internal citations omitted). A document may be authenticated based on its "appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." *Lebewohl v. Heart Attack Grill LLC*, 890 F. Supp. 2d 278, 298 (S.D.N.Y. 2012).

Plaintiffs argue that the submission documents were sufficiently authenticated either through their attorneys' entering them on the record or through examination of the exhibits themselves. Dkt. No. 94 at 4 & n.5. They note that "personal knowledge is one, but not the only, method of authentication" and that attorneys may enter documents into the record "when there is good reason to believe that the authenticity of [such] documents is not in issue." Dkt. No. 94 at 4 (quoting *Trs. of Local 8A-28A Welfare Fund v. Am. Grp. Administrators*, No. 14-CV-1088 (RRM)(PK), 2017 WL 3700899, at *3, 8–9 (E.D.N.Y. Aug. 25, 2017)).

The Court examines the evidence supporting each type of claim in turn.

### 1. There Is Insufficient Admissible Evidence to Support Plaintiffs' Wage-and-Hour Claims with Reasonable Certainty.

As to their wage-and-hour claims, the only evidentiary bases Plaintiffs provide are spreadsheets submitted as Pelgrift's Exhibits 2 and 3 and Kolisnyk's Exhibits 12 and 13. But Plaintiffs do not explain the source of the information contained in those exhibits. Plaintiffs' counsel simply states in her affidavit that the underlying exhibits are "a copy of . . . Wage and Hour Damage Calculations" and "Lost Wages and Front Wages Damages" without providing any further information regarding the source of the amounts stated. Dkt. No. 84 at 3. Despite the fact that the enduring question in this case has been Plaintiffs' failure to explain how many hours each worked within the broad ranges listed in their affidavits, this submission does no more to address that problem. Rather, an unidentified individual—presumably one of Plaintiffs' counsel—appears to have selected hour and pay amounts within those ranges and conducted calculations on that basis. But Plaintiffs' submissions do not identify who made those determinations or whether they are agreed upon by Plaintiffs themselves. To the contrary—despite their effort to correct other parts of the record in their objections—Plaintiffs persist in failing to submit affidavits resolving these ambiguities or attesting that the submitted calculations are accurate.

Plaintiffs have not identified any reason—such as self-authentication—why the authenticity of their submissions is not in issue in this case. To the contrary, in the present context—in which the primary question at issue is Plaintiffs' present memory and recollection of their wage and hour conditions—the failure to identify the source of claimed amounts in the spreadsheets is fatal to their authenticity as accurate "wage and hour damage calculations." The Court cannot find that they establish Plaintiffs' damages with "reasonable certainty."

Because the Court concludes Plaintiffs have not submitted admissible evidence addressing the evidentiary deficiencies noted in its Liability Opinion, the Court finds that Plaintiffs still have failed to establish damages with "reasonable certainty." It therefore declines to award damages on Plaintiffs' FLSA and NYLL claims, adopts the R&R's determination on this point, and overrules the submitted objections.

### 2. There Is Insufficient Admissible Evidence to Support Plaintiffs' Front and Back Pay Requests with Reasonable Certainty.

As to front and back pay, Judge Fox found that Plaintiffs' purported proof of mitigation was insufficiently authenticated to support Plaintiffs' claims. Plaintiffs now argue that proof of mitigation is immaterial in the case of a default judgment and therefore that their mitigation evidence can be disregarded without warranting denial of front or back pay. Dkt. No. 94 at 17. They request front and back pay amounts based upon their last weekly pay prior to the end of their employment with Defendants.

The Court disagrees. Because Plaintiffs have not submitted admissible evidence supporting their claimed last weekly pay, Plaintiffs have not established their claimed damages amounts with reasonable certainty. Accordingly, the Court adopts Judge Fox's findings on this issue.

### C. Plaintiffs Have Established Their Emotional and Punitive Damages Awards with Reasonable Certainty.

The Court next turns to the parties' objections to Judge Fox's emotional and punitive damages determinations. Judge Fox awarded Plaintiffs limited damages based on their claims of emotional distress and based on Defendants' reckless indifference and conscious disregard of their rights. He concluded that Plaintiffs' supporting materials were inadmissible for failure to authenticate, and awarded damages based only on Plaintiffs' statements in their affidavits. He awarded Plaintiff Pelgrift $10,000 in damages for emotional distress based on the conclusory

nature of her allegations of harm and the same amount in punitive damages. As to Plaintiffs Kolisnyk and Lutsenko, Plaintiffs submitted additional evidence, including an event ticket purportedly corroborating a harassment allegation, a document purporting to be an English translation of a journal entry, a supporting declaration, and copies of psychiatric evaluations. The magistrate judge contended that none of these materials were sufficiently authenticated and deemed Plaintiffs' statements of emotional distress conclusory. However, he awarded both Kolisnyk and Lutsenko $20,000 in damages for emotional distress and the same amount in punitive damages in light of the nature of the sexual harassment they claimed, including physical contact. As to all Plaintiffs, Judge Fox concluded that their claims constituted "garden-variety emotional distress claims."

Defendants object to Judge Fox's findings on the grounds that other courts in this circuit reviewing garden-variety damages claims have awarded damages amounts below those he awarded. Plaintiffs object that theirs is not a garden-variety claim; that their evidence of emotional distress is properly admissible. In support, they cite higher awards in cases they argue are comparable to this one. Below, the Court outlines the applicable standard before explaining why it agrees with Plaintiffs that a higher award is warranted in this case.

### 1. Legal Standard for Emotional Distress Damages Awards.

"Emotional distress awards within the Second Circuit can generally be grouped into three categories of claims: 'garden-variety,' 'significant' and 'egregious.'" *Olsen v. Cty. of Nassau*, 615 F. Supp. 2d 35, 46 (E.D.N.Y. 2009) (internal quotation marks omitted). Garden-variety claims involve evidence that is "generally limited to the testimony of the plaintiff, who describes his or her injury in vague or conclusory terms, without relating either the severity or the consequences of the injury." *Khan v. Hip Centralized Lab. Servs., Inc.*, No. 03-CV-2411 (DGT),

2008 WL 4283348, at *11 (E.D.N.Y. Sept. 17, 2008) (quotation omitted). Courts in this circuit have articulated varying damages ranges for garden-variety emotional distress claims. *Compare Rainone v. Potter*, 388 F. Supp. 2d 120, 122–23 (E.D.N.Y. 2005) (specifying a range from $5,000 to $35,000) *with Olsen*, 615 F. Supp. 2d at 46 n.4 (disputing the range approved in *Rainone* on the grounds that "[m]ore recent cases find this range to be significantly higher," and articulating the applicable range as stretching from $30,000 to $125,000); *see also Gutierrez v. Taxi Club Mgmt., Inc.*, 17-CV-532 (AMD)(VMS), 2018 WL 3432786, at *9 (E.D.N.Y. June 25, 2018) (articulating *Rainone* standard of $6,500 to $45,000 in 2018 inflation-adjusted dollars). Significant claims, in contrast, involve "more substantial harm or more offensive conduct" and are sometimes "supported by medical testimony or evidence, evidence of treatment by a healthcare professional and/or medication, and testimony from other, corroborating witnesses." *Khan*, 2008 WL 4283348, at *11 (internal quotation marks omitted).

### 2. Plaintiffs Are Entitled to Damages for Their Garden-Variety Emotional Distress Claims.

As Judge Fox concluded, the bulk of Plaintiffs' submissions as to damages are inadmissible for failure to authenticate. But the Court finds that the professional psychological evaluations Dr. Stephen Reich conducted of each Plaintiff, *see* Dkt. Nos. 86-15, 86-55, 86-59, are admissible and provide evidence that a higher award is appropriate. Although Plaintiffs neglected to submit affidavits of their own attesting to their medical treatment or evaluation, and although Plaintiffs' counsel did not attest to her personal knowledge of the evaluations, the evaluations constitute sworn affidavits containing detailed descriptions of Plaintiffs' personal background. Neither Judge Fox nor Defendants identified any reason to doubt its authenticity.

Despite taking Dr. Reich's findings into account, the Court is not inclined to disturb the magistrate judge's finding that Plaintiffs' claims are "garden-variety" emotional distress claims.

Dr. Reich's findings clearly substantiate that each Plaintiff experienced some anxiety and psychological distress stretching past the end of their employment with Defendants. This additional information is sufficient to conclude that Plaintiffs should not receive damages at the low end of the spectrum of garden-variety claims. But without further detail or corroboration from Plaintiffs themselves, the Court finds that these claims remain too conclusory to be classified as "significant." This case lacks the detailed plaintiffs' and corroborating testimony generally found in "significant" emotional distress claims. *See, e.g., Welch v. United Parcel Serv., Inc.*, 871 F. Supp. 2d 164, 193 (E.D.N.Y. 2012).

Accordingly, the Court awards Plaintiff Pelgrift $20,000 in emotional distress damages and Plaintiffs Kolisnyk and Lutsenko $40,000 each in emotional distress damages. The Court does not disturb Judge Fox's punitive damages findings, which it deems adequately calibrated to deter future unlawful conduct.

### D. A Modest Attorneys' Fees Award Is Appropriate.

Judge Fox recommended no award of attorneys' fees in this case on the grounds that Plaintiffs failed to identify their purported fees submission as containing contemporaneous time records or derived from contemporaneous time records, failed to identify the total number of hours expended by each attorney, and failed to adequately justify their fees.

Plaintiffs object to this determination, contending that "time records provided by a prevailing party need only provide sufficient detail to permit the court to accurately determine the reasonableness of the attorneys' fees application." Dkt. No. 94 at 22 (citing *Jimenez v. KLB Foods, Inc.*, No. 12-CV-6796 (JPO), 2015 WL 3947273, at *5 (S.D.N.Y. June 29, 2015)). Despite their failure to identify the number of hours worked by each attorney—"admittedly a procedural misstep"—Plaintiffs nonetheless supply amended time records with the total number of hours expended in the case by each attorney and ask that the Court "exercise its discretion in

13

reviewing" them. *Id.* at 22. To support this request, they cite a district court case in which the court permitted the plaintiffs to explain excessive billing amounts and correct for errors in their billing statements. *See Motorola, Inc. v. Abeckaser*, No. 07-CV-3963 (CPS)(SMG), 2009 WL 2568526, at *2–3 (E.D.N.Y. Aug. 19, 2009).

The Court notes that the errors committed in Plaintiffs' submissions are significantly more egregious than those in *Motorola*. Further, it is remarkable that Plaintiffs' only attempt to correct the evidentiary record occurred with respect to their own fees—not the evidentiary deficiencies described above with respect to Plaintiffs' damages. Nonetheless, because "courts in this circuit have held that an award of [attorneys'] fees in wage and hour cases is mandatory when a plaintiff prevails," *Jimenez*, 2015 WL 3947273, at *5, the Court makes the following modest fees award.

The Court agrees with the magistrate judge that plaintiffs' counsel "failed to exhibit the minimal level of skill necessary to establish the plaintiffs' damages with reasonable certainty" and that "[t]he inattention to detail and laxiy with which the plaintiffs' submissions were prepared are untenable." R&R at 40. Accordingly, no fees are awarded for attorney work on the inquest. Further, the Court agrees that Plaintiffs have failed to identify aspects of this case that were not straightforward, and finds that Plaintiffs have not carried their burden in establishing that the requested lodestar is reasonable in light of these deficiencies. The Court therefore imposes a 50 percent reduction on all fees incurred prior to the inquest. Accordingly, in full, Plaintiffs' counsel are entitled to $13,608.75 in fees.

### E. Plaintiffs Are Entitled to Some Costs.

As a final matter, the magistrate judge rejected Plaintiffs' request for costs because he concluded that Plaintiffs failed to authenticate or to adequately explain the individual items in their costs request. Plaintiffs object that the categories requested are self-explanatory and are

14

those expenses typically awarded in litigation. *See, e.g., Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 515 (S.D.N.Y. 2011) (awarding deposition transcript costs).

Plaintiffs' objection misses the point of Judge Fox's determination. While reasonable costs may be awarded to prevailing parties as a matter of course, the party seeking costs must explain the nature of the costs in order for the Court to find that they are reasonable. Because Plaintiffs did not explain their submissions via attorney affidavit or a more detailed printout, the Court can only rely on the face of the report to determine whether costs are reasonable. Examining the report, the Court concludes that Plaintiffs' submissions demonstrate reasonable costs only with respect to their court filing, process servers, and expert witness fees. Their submission fails to explain to what the costs for "depositions," "filing fee w/ secretary of state," "postage and delivery," "transcriptions," "transcripts," and "advanced travel costs" correspond.

Accordingly, the Court finds that Plaintiffs' counsel are entitled to $2,963 in costs.

## VI. Conclusion

For the foregoing reasons, the Court accepts in part Plaintiffs' objections with respect to damages for emotional distress, attorneys' fees, and costs. It rejects the balance of the parties' objections, and adopts the remainder of the R&R. Plaintiffs are therefore entitled to the following damages. Plaintiff Pelgrift is entitled to $20,000 in emotional distress damages and $10,000 in punitive damages. Plaintiffs Kolisnyk and Lutsenko are each entitled to $40,000 in emotional distress damages and $20,000 in punitive damages. Finally, Plaintiffs' attorneys are entitled to $13,608.75 in fees and $2,963 in costs. Because Plaintiffs indicated that they are not seeking prejudgment interest, *see* Dkt. No. 82 at 21–22, R&R at 2 n.1, none will be awarded.

This resolves all pending matters, including Dkt. No. 82. The Clerk of Court is respectfully directed to enter judgment in accordance with this Opinion and to close this case.

SO ORDERED.

Dated: September 30, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge